**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

In re: REBECCA ELIZABETH SMITH                    Case No. 23-50264
                *Debtor.*                                  Chapter 13

**TRUSTEE'S MOTION TO DISMISS**
**WITH PREJUDICE**
**AGAINST FILING ANOTHER CASE FOR 365 DAYS**

COMES NOW Angela M. Scolforo, Chapter 13 Standing Trustee (hereinafter "Trustee"), and moves this Court to dismiss this case with a 365-day bar to refiling by this Debtor, pursuant to 11 US Code Sections 105, 349 and 1307, and in support thereof offers the following:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding.
2. Venue is proper pursuant to 28 U.S.C. §§ 1408.

**Case History and Default**

3. Rebecca Elizabeth Smith, hereafter the "Debtor," filed this Chapter 13 case on May 31, 2023.
4. After filing multiple plans which were not confirmed, the Debtor filed a chapter 13 plan on October 10, 2023, which was confirmed by Order on November 13, 2023, and requires payments of $1,280 per month for 60 months, beginning December 10, 2023, in addition to funds previously received by the Trustee of $4,270 ,and annual payments of $13,000 beginning January 31, 2024, and $25,000 from a pending lawsuit against her ex-husband, for a total of $158,070, with a noticed distribution of 100% to unsecured creditors, hereafter the "Confirmed Plan."
5. The Confirmed Plan must pay 100% because of the Debtor's substantial assets, as recited in the Confirmation Order entered on November 13, 2023.
6. The Trustee has received no payments from the Debtor since the case was confirmed.
7. The default in plan payments today is $2,560.

**Debtor's Repeatedly Fails to Comply with Her Obligations**

8. PAYMENTS: The Debtor made no plan payments since her case was confirmed in November 2023.

9. NEW DEBT: Local Bankruptcy Rule 6004-3 prohibits the Debtor from incurring more than $15,000 in debt during her case. Upon information and belief, it appears the Debtor may have incurred

substantial additional debt without court permission, perhaps exceeding $60,000, while she has been in this case.

10. LITIGATION FUNDING:  The Confirmed Plan includes funding of $25,000 from the Debtor's lawsuit against her ex-husband, Hugh C. Forward.  Upon information and belief, the Debtor may have no lawsuit pending against her ex-husband.  Upon information and belief, the lawsuit pending against her ex-husband was filed only by her mother and the Debtor is not a party to such litigation.

11. TAXES:  The Debtor has chronically failed to file her income tax returns.  The IRS filed claim #4 for a total of $21,297.60 arising in part from the Debtor's failure to file tax returns for the years 2017, 2018, 2020, and 2021.  Their claim attaches a statement of tax lien for the years 2006, 2007, 2008 and 2015.  Although the Debtor provided some evidence the missing taxes were filed, the IRS has not yet acknowledged receipt by amending its claim.

12. The Debtor's schedules may not fully and properly disclose her financial situation

13. TRANSFERS AND FINANCIAL TRANSACTIONS:  On September 18, 2023, the Debtor filed Amended Statement of Financial of Affairs (hereafter "Amended SOFA") which did not disclose the following potential matters:

    a. Upon information and belief, the Debtor sold real estate located at 893 School Road, Farmville, VA 23901, in October 2021.  The original SOFA filed on June 20, 2023, disclosed the sale for $484,000, net $265,000, with an erroneous sale date of August 2020.  The Amended SOFA filed did not disclose the transfer at all.
    b. Upon information and belief, the Debtor sold a horse in September of 2022 for $18,000.  This information was never disclosed on her schedules.
    c. Upon information and belief, the Debtor deposited $9,900 into her bank account on November 7, 2022.  The Debtor never identified the source of those funds, nor did she disclose the sale or transfer that may have generated the funds.
    d. Upon information and belief, the Debtor received $107,939.84 by wire transfer from Quality Title, LLC on November 21, 2022.  This deposit does not match the date, amount or title company name related to the sale of 893 School Road in Farmville.  The Debtor never

provided the details for what was sold, when it was sold, or the total amount of the proceeds.

    e. The lawsuit the Debtor alleges she has to fund the $25,000 plan payment, is not disclosed.

14. ASSETS: On September 18, 2023, the Debtor filed amended Schedule A/B which may not have fully disclose all her assets:

    a. Upon information and belief, the Debtor's prenuptial agreement disclosed she had the following assets as of November 24, 2020, which were not included as assets on Schedule A/B or as sold or transferred on the Amended SOFA:

        i. Hanoverian sport horses valued at $350,000;
        ii. AKC Pembroke Welsh Corgi's valued at $7,500;
        iii. 2017 Porsche Macan valued at $55,000;
        iv. Farm equipment (2 trailers, RV used for shows) valued at $50,000;
        v. Riding tack valued at $10,000;
        vi. 2 horse trailers valued at $30,000;
        vii. Stocks and annuities valued at $35,000; and
        viii. Checking account valued at $3,500.

    b. Upon information and belief, the Debtor may own a 2016 Porsche and/or a 2017 Porsche Macan. The Debtor listed no vehicles on Schedule A/B.

    c. Upon information and belief, the Debtor may be a partial owner of the entity Eureka Farm, LLC, which interest was never disclosed on her bankruptcy schedules.

    d. Upon information and belief, the Debtor may be a Member of Heartland Family Counseling Services, LLC, which was not disclosed on any bankruptcy schedules.

15. The Debtor also did not comply with the orders and requirements of this Court in her prior case.

16. PRIOR CASE: The Debtor filed a prior chapter 13 bankruptcy case on January 6, 2023, case number 23-50006.

    a. An Order Continuing Hearing was entered on March 3, 2023, which required, among other things, that the Debtor file a modified plan by April 6, 2023, in paragraph 6, and provide numerous documents to the Trustee in paragraph 9.

    b. Upon Debtor's motion for more time, an Order was entered on April 10, 2023, granting the Debtor until April 14, 2023, to comply with the conditions of the Continuation Order.

    c. No amended plan was filed.

    d. No documents were provided to the Trustee.

  e. The Debtor failed to comply with the Orders.

  f. The case was dismissed on April 17, 2023.

17. The Debtor has benefited from the protection of this Court since May 2023, without complying with the orders and requirements of this Court.

  THEREFORE, Angela M. Scolforo, Standing Chapter 13 Trustee, requests that this Court dismiss this case with a bar on filing any new case for a period of 365 days from the date of the Order dismissing this case, and/or such other and further relief as this Court deems just.

  Dated this 12th day of January 2024.

CHAPTER 13 TRUSTEE, ANGELA M. SCOLFORO

/S/ ANGELA M. SCOLFORO
Angela M. Scolforo, Chapter 13 Trustee, VSB #42574
P.O. Box 2103, Charlottesville, Virginia 22902
(434) 817-9913
ascolforo@cvillech13.net

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

In re: REBECCA ELIZABETH SMITH           Case No. 23-50264
                       *Debtor.*                             Chapter 13

### NOTICE OF HEARING

Please take notice that Angela M. Scolforo, the chapter 13 trustee appointed in the above-captioned case, has filed the enclosed Motion to Dismiss your case with Prejudice, seeking a bar to your filing another case for 365 days.

Your rights may be affected. You should read these papers carefully and consult an attorney. If you do not want the Court to grant relief sought in the Motion, or if you want the Court to consider your views on the Motion, then you must:

1. File with the Court a written response pursuant to Local Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the Western District of Virginia. UNDER LOCAL BANKRUPTCY RULE 9013-1, UNLESS A WRITTEN RESPONSE IN OPPOSITION IS FILED WITH THE CLERK AND SERVED ON THE MOVING PARTY NO LATER THAN 7 DAYS PRIOR TO THE SCHEDULED HEARING DATE, THE COURT MAY TREAT THE MOTION AS UNOPPOSED.

2. If you timely file a response to the Motion, you must also attend the hearing on:

**March 14, 2024, at 9:30 am**

Interested parties should not appear in person at the Courthouse. Interested parties may attend the hearing electronically by Zoom are as follows:

       Meeting ID: **160 369 2643:**
       URL: https://vawbuscourts-gov.zoomgov.com/j/1603692643

For more information on how to access the hearing, please see the Court's website at www.vawb.uscourts.gov.

If you do not take the above steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting the relief.

### Certificate of Service

The Trustee served a copy of this Motion and Notice of Hearing on this 12th day of January, 2024, upon the Debtor by first-class mail, postage paid, and upon the Debtor's counsel electronically.

                                                 /S/ ANGELA M. SCOLFORO